RITCHEY v. THE PEOPLE.

1. SUPERSEDEAS AND BAIL IN CRIMINAL CASES.

The making or refusing to make a writ of error in a criminal case a *supersedeas* is not dependent upon the question of bail; but if, in the opinion of the court or judge, the party ought to be let to bail pending the proceedings, an order for that purpose may also be made.

2. STATUTORY CONSTRUCTION—CORPORAL PUNISHMENT DEFINED.

The phrase "corporal punishment" in its enlarged meaning embraces all kinds of punishment of or inflicted upon the body, including imprisonment, but it is used in the statute (Gen. Stats., sec. 972) in its primary and restricted meaning, and denotes punishment inflicted upon the body, as by whipping, rather than punishment of the body, as by imprisonment.

3. PRACTICE IN CRIMINAL CASES.

If at the time a writ of error in a criminal case is made a *supersedeas* the prisoner is in the county jail, he should be detained there pending the proceedings, unless enlarged upon bail.

*Error to the District Court of Boulder County.*

UPON petition to amend the order heretofore made, making writ of error a *supersedeas* and fixing bail.

The following provision of the statute is necessary to a correct understanding of the opinion.

"Writs of error in all criminal cases not capital shall be considered as writs of rights, and issue of course, but no writ of error shall be a *supersedeas* unless the supreme court or one of the justices thereof in vacation, after inspecting a copy of the record, certified as in the preceding section, together with an assignment of the errors relied on for a reversal of the judgment, shall be of opinion that there is reasonable cause for allowing a writ of error; in such case the writ shall be granted by order endorsed on the back of such record, in which case the clerk of the supreme court shall issue a *supersedeas*, which shall have the affect [effect] to stay the execution of the sentence, but not to discharge the prisoner from custody. If the party applying for such

writ of error shall at the time be in custody, under the authority of the judgment prayed to be superseded, and the said court or justice shall be of opinion that the party obtaining such writ of error ought to be bailed till the determination of such writ of error, the said supreme court or justice may make an order to discharge such prisoner from custody, upon the prisoner entering into a recognizance to the people of the state, before the sheriff of the county where she or he shall be imprisoned, in such sum and with such security as said court or justice shall prescribe, which recognizance shall be conditioned that the prisoner will appear in the next district court to be holden in the county where the trial of such prisoner took place, and at each subsequent term of the district court, on the first days, until the determination of such writ of error, and that he will be present and submit to such order as the supreme court shall make in the premises, and will not at any of the terms of said court in which he shall be bound to appear by said recognizance, depart the court without leave.   The recognizance so taken shall be returned to the next district court, and there entered ·of record, and such proceedings may be thereon had, in case of a breach of the conditions of such recognizance, as shall be according to the course of the common law : *Provided, however*, That in cases where corporal punishment is inflicted the prisoner shall in no case be bailed ; upon the affirmance of any judgment brought into the supreme court by virtue of this section, the said court shall order and direct the district court to carry into effect the judgment of the court below.   In case of affirmance, judgment shall be given for costs against the party prosecuting such writ of error, and execution shall issue thereupon from the supreme court." General Statutes of Colorado 1883, sec. 972.

Messrs. PATTERSON, RICHARDSON & HAWKINS, for plaintiff in error.

THE ATTORNEY GENERAL and Mr. CALVIN E. REED, of counsel, for the People.

CHIEF JUSTICE HAYT delivered the opinion of the court.

At the October, A. D. 1895, term of the district court of Boulder county, plaintiff in error, John J. Ritchey, was tried and convicted of murder in the second degree and sentenced to twenty years imprisonment in the state penitentiary at hard labor. To this judgment plaintiff in error excepted, and obtained a stay of execution from the district court until the record of the trial could be lodged in this court and an application for a *supersedeas* and bail could be determined.

On the 26th day of December, the record was filed in this court and a writ of error issued. At the same time an application was made to have the writ of error made a *supersedeas*, and the defendant discharged upon bail, pending further proceedings. This application coming on to be heard before two of the justices of this court in vacation, and it appearing that there was reasonable cause for allowing the same, it was ordered that the writ of error should be made a *supersedeas* upon the plaintiff in error entering into a recognizance to the people of the state of Colorado, before the sheriff of Boulder county, conditioned according to law in such case made and provided, in the sum of seven thousand ($7,000) dollars, with good and sufficient sureties to be approved by the sheriff, etc.

Under this order the prisoner was held in the county jail of Boulder county for something like thirty days, when, it appearing to the sheriff that he would be unable to give bail, he undertook to convey him to the state penitentiary at Cañon City, but before he was incarcerated in such institution he was taken from the hands of the officer by a writ of *habeas corpus*, and lodged in the jail of Arapahoe county, where he is now confined. His counsel claim that the original order was erroneous in that it required the defendant to give bond as the condition upon which the judgment could only be superseded. We are now asked to correct the order made in vacation and to remand the prisoner to the county

jail of Boulder county, to be therein confined pending proceedings in this court unless bail be procured.

The statute which controls the practice in this and other cases upon writs of error in criminal cases not capital was taken from the state of Illinois, and may be found upon pages 188–9 of the revision of 1845. The statute was adopted bodily in this state in the year 1861, and has remained as a part of our law to the present time. Although the practice under it has not been entirely uniform, this is the first time that counsel have called upon the court to construe its several provisions, and in so far as we are advised the supreme court of Illinois has never passed upon the act.

A reading of the section discloses its purpose to be the accomplishment of three specified things, viz. : *First*, the making of a writ of error in any criminal case not capital a writ of right and to issue of course; *second*, to provide that the writ of error shall be made a *supersedeas* upon the order of the supreme court, or of one of the justices in vacation; *third*, to provide for the discharge of a prisoner upon bail under certain conditions, pending the final determination of the case in the supreme court.

Upon these points there is no controversy. Under the statute the making or refusing to make a writ of error a *supersedeas* is in no way dependent upon the question of bail. In other words, bail is made by the statute an independent matter. If there is reasonable cause for allowing a writ of error, the clerk shall issue *supersedeas* upon the order of the court in term time or a judge in vacation, and if in the opinion of the court or judge the party ought to be bailed until the determination of such writ of error, an order for this purpose shall also be made.

Up to this point the statute is plain and unambiguous. Whatever of uncertainty is to be found in the act grows out of the following proviso, to wit: " *Provided, however*, that in cases where corporal punishment shall be inflicted the prisoner shall in no case be bailed; upon the affirmance of any judgment brought into the supreme court by virtue of this

section, the said court shall order and direct the district court to carry into effect the judgment of the court below." In the Illinois statute the semicolon is inserted after the word "section," so that the statute reads as follows: "*Provided, however*, that in cases where corporal punishment is inflicted, the prisoner shall in no case be bailed upon the affirmance of any judgment brought into the supreme court, by virtue of this section; the said court shall order and direct the circuit court to carry into effect the judgment of the court below." Revised Statutes 1845, page 189.

The phrase "corporal punishment" in its enlarged meaning undoubtedly embraces all kinds of punishment of, or inflicted upon, the body, including imprisonment; hence the attorney general contends that where imprisonment is a part of the penalty, this court is without power to admit the prisoner to bail upon writ of error.   Counsel for plaintiff in error, on the contrary, urge that such a construction would nullify all the provisions of the section with reference to bail and in effect deprive the defendant of the chief benefit of the writ of error.  They ask the court to construe the proviso so as to limit the prohibitory words to cases in which bail may be asked after the affirmance of the judgment of the lower court. They say that this intent would clearly appear if the punctuation of the Illinois act be adopted, and that as punctuation is usually the work of the draughtsmen, courts may, and if necessary will, entirely disregard it or repunctuate the act so as to make it express the legislative intent.

In our opinion, however, the term "corporal punishment" in the statute is used in its primary and restricted meaning, and denotes punishment upon the body, such as whipping, rather than punishment of the body, such as imprisonment. Corporal punishment in the public schools or in the family is usually understood to imply some process by which pain is inflicted upon the body of the offender.

We have not been able to trace the origin of the statute, but if this could be done, we doubt not strong arguments in support of our conclusion might be drawn from its history.

We find that the term is frequently used in the restricted sense with which we believe it to have been used in our statute. For example, section 16, of article 1 of the constitution of 1868 of the state of South Carolina reads:

"All persons shall, before convicted, be bailable by sufficient sureties, except for capital offences, when the proof is evident or the presumption great; and excessive bail shall not in any case be required, nor corporal punishment inflicted." Poore's Charters & Constitutions of the U. S., part 2, p. 647.

If any argument is needed to show that the words "corporal punishment" as there used do not include imprisonment, it may be deduced from the fact that in several sections of the same instrument imprisonment is made the penalty for many offenses.

See, also, *Cornell v. The State*, 6 Lea, 624; 2 Central Law Journal, No. 21, p. 100–134; 21 American & English Ency. of Law, p. 768, "Schools."

The strongest argument against this conclusion arises from the fact that in this state we have never had corporal punishment in the sense in which it is herein defined, but this argument loses much of its force when we remember that many of our statutes were taken from states where the great body of the law is essentially different. Corporal punishment of this nature has always been deemed so humiliating to the prisoner that no bail would be sufficient to induce his surrender upon the affirmance of a judgment requiring its infliction.

The construction which we have given the statute permits the continuance of the practice of admitting prisoners to bail pending proceedings in this court in cases where the writ of error has been made to operate as a *supersedeas*, a practice that has been in vogue from the creation of the territory to the present, and sanctioned by many illustrious judges. If a change is to be made at this late day, it should come from the legislature and not from the courts.

A further question in this case has reference to the place

of confinement of the prisoner pending a review upon writ of error in cases where the writ of error has been made a *supersedeas.* A *supersedeas,* as the word indicates, supersedes the judgment of the court below, and no steps should be taken towards execution after this court or a judge thereof has determined *prima facie* that the defendant has not been legally convicted and has ordered that a writ of error be made a *supersedeas.* If he procures bail, he should be discharged from custody in bailable cases, otherwise he should be detained. The statute does not clearly indicate where the prisoner should be confined in case he has actually entered upon a term in the penitentiary, but we are clearly of the opinion that if he is in the county jail, he should be allowed to remain there.

As the order entered in vacation is not in accordance with the foregoing conclusions, that order will be vacated, and an order will now be entered by the court requiring the sheriff of Boulder county to take the prisoner into his custody and return him to the county jail of Boulder county in default of bail; and also an order making the writ of error herein a *supersedeas* and to operate accordingly until the further order of the court in the premises, and likewise an order that the prisoner be discharged from custody upon his entering into a recognizance in the sum of seven thousand ($7,000) dollars, conditioned according to law, with sureties to be approved by said sheriff.